IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ashleigh Novitski<br><br>    Plaintiff<br><br>    v.<br><br>Airbnb, Inc.; Patrizia Emanuela Bissi; J & P Tropical, Inc; X COMPANY; A Insurance Company; B Insurance Company<br><br>    Defendants | Civil no.<br><br>Plaintiff Demands Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, Ashleigh Novitski, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

**I. THE PARTIES**

1. Plaintiff, **Ashleigh NovitsKi** ("Ms. Novitski") is of legal age, single and domiciled in the State of Ohio.

2. Co-defendant, **AIRBNB, INC.** (hereinafter "AIRBNB") is a Delaware Corporation with principal place of business in San

1

Francisco, California, managing and operating an online marketplace for short-term homestays and tour experiences.

3. Airbnb serves clients like Plaintiff, Ashleigh Novitski, throughout the United States, including the Commonwealth of Puerto Rico.

4. Using the services of Airbnb, Mr. Jaime Lopez booked a stay for several people that included Ms. Novitski as a guest at a townhouse located in Carolina, Puerto Rico that was described by its owner and Airbnb as "Casa de Musica", starting on Sunday, May 7th, 2023 until Saturday, May 13th, 2023. Confirmation code issued by Airbnb, Inc. for this stay was HMQW2K4FW8.

5. The host for the stay of Mr. Lopez and his group at Casa de Musica was " Patrizia" (the first name of Patrizia Emanuela Bissi).

6. By information and belief, the Airbnb Casa de Musica property that served as the place of abode for Ms. Novitski and her friends, is located at C8 Geranio Street, La Marina Development, Carolina Puerto Rico.

7. By information and belief, the property owner of Casa de Musica (the real property where the accident occurred) at the time of the accident is J & P Tropical, Inc., a Florida Corporate entity duly registered as a foreign corporation in

    the Commonwealth of Puerto Rico with principal office located at 1680 Michigan Ave. Suite 910, Miami Beach, Florida 33139.

8. X Company is the fictitious name used to denominate another company that also operates, and manages together with the rest of the defendants Casa de Musica and that is also responsible to the plaintiff for the accident and damages suffered as described in this complaint.

9. A and B insurance companies, are the fictitious names used to denominate the currently unknown insurance companies that at the time of the accident described in this complaint had issued and had in full force and effect, as per the terms and conditions of the issued insurance policies, liability insurance policies to cover the legal liability of one or more of the above-named defendants. Once the identity of said insurance companies is made known, the complaint may be amended so as to include the proper insurance company defendants as additional defendants to this complaint, under Puerto Rico's Direct-Action Statute.

## II. **JURISDICTION**

10. This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to 28 U.S.C. section

1332 (a) (1) because this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

11. Pursuant to 28 U.S.C. Section 1392 (a) (2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Carolina, Puerto Rico.

### III. TOLLING OF THE STATUTE OF LIMITATIONS

12. The accident that gives origin to the present case occurred on May 8th, 2023, at Casa de Musica, Carolina, Puerto Rico, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling of the present complaint the statute of limitations of one (1) year has not elapsed. See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico of 2020.

### IV. THE FACTS AND THE DAMAGES

13. Plaintiff had arrived at Casa de Musica with her friends during the early evening of May 7th, 2023.

14. Around 6AM of May 8th, plaintiff was walking inside Casa de Musica from the dining room into the living room, when she

4

tripped and fell due to an elevated floor lip located in the room arch that separates both rooms. Said floor lip had a vertical elevation of over two inches, covered with the same and/or very similar floor tile as that of the rest of the floor of that property area.

15. As a result of tripping and falling, Ms. Novitski fell forward and seriously hurt herself due to said fall. She passed out due to the pain she has feeling in the area of her lower left leg at the moment of the fall.

16. Emergency personnel were called to attend to Ms. Novitski and Ms. Novitski received emergency medical services by the first responders who arrived at the property. She was transported by ambulance to Ashford Medical Center where she received further medical evaluations and emergency treatment.

17. She was initially diagnosed at Ashford Medical as suffering a left ankle injury that included a dislocation to the left ankle joint, a fracture to the distal fibula and the posterior malleolus, and was recommended for immediate surgery.

18. Following medical doctor advise, she cut her vacation and returned to her home. She immediately visited a hospital where she was diagnosed with a displaced bimalleolar

5

fracture of her lower leg, multiple fractures of her ankle, sprain of tibiofibular ligament (Left ankle); a dislocation to her left ankle joint. She underwent an operation to repair her damages in the month of May, 2023.

19. As part of her operation her ankle area was repaired with multiple orthopedic hardware and screws.

20. She underwent an extensive physical therapy program and due to multiple fractures that she suffered, she had to undergo a second surgery in February, 2024 in order to further repair the left ankle area.

21. She was unable to work for many months and later, to work to the same extent that she was able to work prior to her accident.

22. As a result of the accident, she now has permanent damages and impairments, to include limitations of movement, pain, swelling and nerve damage.  She also has a large, permanent scar due to both operations performed.

23. Ms. Novitski, since the accident, is unable to perform a number of activities and pleasure of life to the same extent that she was able to perform prior to her accident. She no longer enjoys various activities and pleasures of life.

24. The value of all her damages related to her injury, to include past, present and future pain, embarrassment,

6

physical damages, ankle damages, nerve damage, large permanent scar and mental anguish is estimated in a sum in excess of **SEVEN HUNDRED AND FIFTY THOUSAND DOLLARS ($750,000.00).**

25. ECONOMIC DAMAGES. Ms. Novinski has incurred and will have to incur additional economic damages related to her accident. Her vacation and trip to Puerto Rico were ruined. She has lost wages since she was not able to work for a considerable amount of time while she was recovering. She has and will have to incur in unwanted expenses, to include medical related expenses and medical liens, travel and other miscellaneous unwanted expenses related to this accident.
26. All of her economic damages are reasonably estimated in a sum in excess of **ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($150,000),** a sum that is also owed to the Ms. Novitski by the Defendants.
27. Ms. Novitski would not have to incur in said additional economic expenses if the accident had not occurred due to the negligence of the Defendants.

## V. LIABILITY

7

28. The accident resulting in the serious, severe and permanent damages to Ms. Novitski, was caused by the exclusive fault and/or negligence of the Defendants.

29. The defendants had a duty towards Ms. Novitski to provide a safe place for her accommodation, that was free and clear of trip hazards. The Defendants failed in providing a property free and clear of trip hazards.

30. The defendants also failed in placing visible warning signs that would indicate the presence of trip hazards. Due to their failure to act and to warn, the defendants are responsible to Ms. Novitski for her damages and the terrible accident that caused her damages.

31. At the very least, the defendants could have easily placed warning signs cautioning property guests that a floor lip (trip hazard) was present. Yet, they failed to place any warning signs indicating the presence of the trip hazard.

32. Defendants could have very easily eliminated the trip hazard by leveling the floor to Casa de Musica, before renting the property with said trip hazard to unsuspecting guests. Yet they failed to act.

33. By failing to warn and by failing to act to eliminate dangerous trip conditions in the property area where the

accident happened, it is the defendants that are completely responsible for the damages suffered by Ms. Novitski

34. The accident would not have happened if not for the joint fault and negligence of the Defendants.

35. Airbnb, Inc. is also responsible to Ms. Ernst under the economic benefit theory since they enjoyed a profit at the expense of the plaintiff.

36. At the very least, Airbnb, Inc. should have required that their contracting host maintain the property that was to be used by a paying guest without dangerous conditions present, such as trip hazards. Airbnb failed to act.

37. All insurance company defendants, as per the dispositions of the Insurance Code of Puerto Rico are also directly liable to the plaintiff as per the terms of the insurance policies in effect at the time of the accident.

38. All of the defendants, as per the provisions of Article 1536 of the Civil Code of Puerto Rico of 2020, are responsible to Ms. Novitski for the occurrence of the accident and the damages that she suffered.

39. Plaintiff demands trial by jury.

   **WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment for Plaintiff, for the relief demanded in

the complaint with the imposition of reasonable attorneys' fees and costs.

In San Juan, Puerto Rico, this 6th day of May, 2024.

**RIVERA-ASPINALL, GARRIGA
& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: <u>aspinall@ragflaw.com</u>

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506